GEORGE E. WESTON v. POTTER G. CARD.

*Sale—Warranty—Estoppel—Parties.*

1. A warranty of a harvesting machine provided for notice to the warrantor of its failure to work as warranted, and for a second trial in the presence of the agent of the warrantor, and, if it

still failed to work, that it might be returned by the purchaser, and that *continued use* of the machine should be considered conclusive proof that it filled the warranty. An agent of the warrantor started the machine, and it failed to work. On the next day, two of the warrantor's agents made a second trial, with a like result. On the third day, three of the agents and the purchaser worked all day with the machine, after which one of the agents demanded a settlement, claiming that the machine worked as warranted, which the purchaser denied, and refused to settle for it. On the fourth day the purchaser tried the machine alone, and on the fifth day he notified the agent that it would not work, and was informed that it was his machine, and that he must·pay for it; whereupon, and on the same day, he returned it to the agent from whom he purchased it. Suit was brought to recover the value of the machine, and a verdict was directed in favor of the plaintiff on the ground that the defendant made the machine his own by using it on the fourth day. And, in reversing the judgment entered on the verdict, Long and Grant, JJ., hold that such use was not such a *continuous use* as to estop the defendant from claiming that the machine did not fill the warranty; in which reversal Hooker, C. J., and Montgomery, J., concur, on the ground that the question whether the defendant continued the use of the machine with the intention of accepting it, as answering to the terms of the warranty, should have been submitted to the jury.[1]

2. The question whether a machine fills the warranty under which it is sold, if in dispute, is one of fact for the jury.

---

[1] See the following cases, in which questions arising on the sale and warranty of harvesting and mowing machines are discussed:

1. *Grieb v. Cole*, 60 Mich. 397, holding that a reference in an order for a mowing machine to a blank warranty printed on the back of the order, to which the warrantor's printed signature is affixed, constitutes the order and warranty one instrument; that the warrantor is bound by the printed signature; that such a purchase implies that the machine shall be a new one,—that is, not second hand, or the worse for wear; that the purchaser may show, under the plea of the general issue, that the machine delivered was a second-hand one; and that it is immaterial that, though second hand, it filled the terms of the warranty.

2. *Osborne & Co. v. Bell*, 62 Mich. 214, holding that evidence of the sale of duplicate machines the same year defendant purchased his, that they all worked well, and without complaint from vendees, and that the machines were in general use throughout the country, is inadmissible in a suit to recover the value of the machine sold the defendant, which he claims failed to fill the plaintiff's warranty; also that where a machine is sold to two vendees, who are not partners or joint owners, the statement of one that the machine worked well will not bind the other, and that a demand for the notes of the vendees, which they had agreed to give for the pur-

3. An agent cannot recover in his own name upon an order given to him in his individual character to procure a machine of his principal, to whom the purchase price is to be paid, and whose warranty he countersigns as agent, and delivers to the orderer, without averring an assignment of the contract.[1]

Error to Hillsdale. (Lane, J.) Argued June 15, 1893. Decided July 25, 1893.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Guy M. Chester* and *Fred M. Twiss,* for appellant.
*St. John & Lyon,* for plaintiff.

LONG, J. Defendant ordered a binder of plaintiff. The machine was delivered to defendant, at Hillsdale, in June. On July 3, plaintiff's son and an agent of the Warder, Bushnell & Glessner Co. set up and started the machine, and it failed to work. July 4, plaintiff and the agent went to defendant's, and tried the machine, but failed to make it work. July 5, plaintiff and two other of the

chase price on the delivery of the machine, must be made upon both before bringing suit to recover the value of the machine on their failure to give the notes.

3. *Wood Mowing & Reaping Machine Co. v. Gœrtner,* 63 Mich. 520, holding that under a contract for the delivery of a harvesting machine at a designated railroad station, *ready for use,* the machine cannot be considered as delivered until set up as a machine; and that the different parts, which none but an expert can put together and form into a machine, cannot be called one until they are attached together, so as to form a complete harvester.

4. *McCormick Harvesting Machine Co. v. Cochran,* 64 Mich. 636, holding that it is competent, in a suit involving the alleged breach of a warranty that the machine sold the defendant should do as good work as the one sold to his brother, for witnesses who had seen both machines work to testify to their relative merits, and that it is not essential that the grain in which the machines were working should have been of the same heft and height, that being a matter for cross-examination and for the consideration of the jury; and that it is not competent for the plaintiff to show, on rebuttal, that the machine sold is as good as any in the market.

5. *Platt v. Broderick,* 70 Mich. 577, holding that under an agreement for the sale of a mowing machine, by the terms of which the purchaser has the right to return the machine if it does not suit him, it is immaterial whether the machine works well or not.

[1] See *Peirce v. Closterhouse,* 96 Mich. 124, and note.

company's agents went to defendant's again, and worked with the machine all day, defendant working with them during the time. After the close of the day's work, plaintiff demanded settlement for the machine, claiming that it worked as warranted. Defendant refused to pay, or give a note, because the machine did not work. July 6, defendant, in the absence of any of the company's agents, tried the machine again, working with it during the day, and claims that it did not fulfill the warranty. On the 7th he went to Hillsdale, saw the plaintiff, and told him that the machine did not fulfill the warranty. Plaintiff then said: "It is your machine; you bought it, and have to pay for it." On the same day defendant returned the machine to plaintiff, at Hillsdale.

There is a clause in the warranty of the machine as follows:.

"If the said machine does not perform as above [warranted], immediate notice must be given to the Warder, Bushnell & Glessner Co., Chicago, Ill., or to their agent from whom the machine was bought, subject to a second trial in their presence, when, if the failure is found not to have arisen from any defect in the machine, it shall be kept by the purchaser, and continued use shall be considered conclusive proof that it fills the warranty; but, if upon said second trial, said machine does not work as above, it may be returned to us, and the money will be refunded."

Plaintiff brought suit for the value of the machine, and on the trial the facts were found substantially as above set forth, and the court directed a verdict in favor of the plaintiff.

The reason given by the trial judge for this ruling was that, inasmuch as the defendant again tried the machine, or used it, on July 6, he was estopped from relying upon the contract of warranty, and had, in fact, made the machine his own. The court arrived at this conclusion from the interpretation he gave the words in the contract, "continued use shall be considered conclusive proof that it

fills the warranty." The circumstances under which the defendant used the machine on July 6 would not, however, estop him from claiming that the warranty had not been fulfilled. If he had used the machine without making any complaint, undoubtedly he would have made the machine his own, or at least would not be permitted to say that it did not do good work and was not as represented; but the mere fact that he used it July 6 was not such a continuous use as to estop him from making the claim. The agents of the machine company had tried for two days to make it work, and, according to defendant's claim, had not succeeded. The defendant tried it again on July 6, and claims that it did not do good work. If it did not fulfill the warranty, by the terms of the contract the defendant was not bound to keep it. If there was any dispute as to whether it did or did not, it was a question of fact for the jury. If it did not fulfill the warranty, the court should have directed the verdict in favor of the defendant.

The contract of warranty was made by the Warder, Bushnell, & Glessner Co. of Chicago. The plaintiff claims to recover the value of the machine, as sold by him, and at the same time it is conceded that the warranty is from the company, which he represents as agent. Under this contract which defendant had from the company, payments were to be made to the company direct, and not to the plaintiff. No claim was made on the trial that plaintiff could recover except under the contract with the company. It cannot be said that the order and warranty constituted a contract with the plaintiff. He was dealing with defendant as the agent of the company, and as such agent issued the written warranty, which the company was bound to fulfill. It was not the personal guaranty of the plaintiff, but of the company. Yet the plaintiff did not aver in his declaration, or prove on the trial, any assignment of the

contract. In order to recover in his own name under this contract, the plaintiff should have averred and proved an assignment of the contract.

Judgment reversed, and new trial ordered.

GRANT, J., concurred with LONG, J.

MONTGOMERY, J. I concur in the result, on the ground that it was a question for the jury as to whether the defendant continued the use of the machine with the intention of accepting it, as answering to the terms of the warranty.

HOOKER, C. J., concurred with MONTGOMERY, J. McGRATH, J., did not sit.